'Carl Eggert, Appellee, v. J. C.Templeton *et al.,* Defendants, Town of Bennett, Appellants.

'Cities and Towns: Not liable for cost of private drains ordered. Where the committee on streets of a town ordered drain tiles, pursuant to a resolution of the town council granting petition for an outlet to tile drains, so that cellars and lots in certain blocks might be ·properly drained, the drains being of benefit only to private property, and of no use for the drainage of the streets, the town was not liable therefor.

Duty of Jury to Follow Instructions: Where there is no dispute but that certain tile were purchased and used by town officers, not for the purpose of improving the streets or alleys, but for the sole purpose of draining' private property, and the court charged the jury that if·they found such to be·the fact the

2    town was not liable therefor, though the council attempted to ratify the purchase, it is the duty of the jury to obey such insructions, and find in accordance with the undisputed facts, and a verdict contrary thereto should be set aside.

*Appeal from Cedar District Court.*—HON. W. H. TREICH-LER, Judge

TUESDAY, FEBRUARY 5, 1901.

ACTION at law to recover the reasonable value of certain drain tile furnished defendant town at its instance and request. Trial to a jury, verdict and judgment for plaintiff. and the town appeals.—*Reversed.*

*Preston & Moffitt* for appellant.

No appearance for appellee.

DEEMER, J.—The committee on streets and alleys of the defendant town ordered the drain tile for which plaintiff seeks to recover. It was ordered pursuant to a resolution of the town council granting a petition for an outlet to tile drains, "so that cellars and lots in certain blocks might be properly drained." The drain in which it was used ran from the southeast corner of a certain block, diagonally across the street, to the block lying southeast of the one first mentioned. From that point it ran in a southeasterly direction across the adjoining block and an alley, to a creek, into which it emptied. It was constructed for the sole purpose of draining cellars, and was laid more than six feet below the surface. At the time it was constructed there was adequate surface drainage for the street, and this drain was not constructed to carry off surface water, except as it might find its way into adjoining cellars. These facts are practically without dispute.

The trial court gave the following instructions: "But if you fail to find that said tile was purchased or used for the

sole purpose of improving or repairing the streets or alleys thereof, or if you find that the same was purchased and used for the sole purpose of draining private property, then said town is not liable, even though the council thereof may have subsequently undertaken to ratify the same. If you find from the evidence that the tile in question was permitted by the town of Bennett to be laid across its streets and alleys for the sole purpose or draining private property, then the same would not be a public improvement of the streets and alleys of said town, and it would not be liable therefor." The duty of the jury to follow these instructions is clear. Had it done so, it would have returned a verdict for the defendant. Instead of doing so, it found for the plaintiff. Defendant's motion for a new trial should have been sustained on this ground alone.—REVERSED.